# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| Kristy K. Pauly, | ) |
| Plaintiff, | ) Case No.: |
| vs. | ) **COMPLAINT AND DEMAND** |
| | ) **FOR JURY TRIAL** |
| UNIFIN, Inc., and | ) |
| Resurgent Capital Services, L.P., | ) |
| And | ) |
| Oliver Wright & Associates, | ) |
| Defendants. | ) |

COMES NOW Plaintiff Kristy K. Pauly, by and through her attorneys Pamela A. Car and William L. Reinbrecht of Car & Reinbrecht, P.C., L.L.O., and alleges and states that this is an action brought by an individual consumer for the Defendants' violations of the Fair Debt Collection Practices Act, (hereinafter referred to as the "FDCPA") 15 U.S.C. § 1692 *et seq*. and the Nebraska Consumer Protection Act, Neb.Rev.Stat. § 59-1601 *et seq*. (hereinafter referred to as the "NCPA") and for breaching the previous settlement agreement between Ms. Pauly and Defendants UNIFIN,Inc. (hereinafter "UNIFIN") and Resurgent Capital Services, L.L.P. (hereinafter "Resurgent") in the previous matter in this Court, *Pauly v. Unifin and Resurgent Capital Services,* L.P., at 8:20-cv-277. Ms. Pauly also seeks to enforce the settlement and for an award of damages and attorneys'

1

fees per the settlement agreement. The breach itself gives rise to additional violations of the FDCPA and NCPA as to all Defendants.

In support of her claims, Plaintiff states and alleges as follows:

### JURISDICTION AND PARTIES

1. That subject matter jurisdiction of this Court arises under 15 U.S.C. § 1692k, actionable through 28 U.S.C. §1331 and other provisions of the law.

2. That venue is proper in this Court for the reason that the claim on which this suit is based happened in this Judicial District.

3. Plaintiff is a resident of Omaha, Nebraska.

4. Defendant UNIFIN, INC., is a debt collector engaged in collecting debts and regularly attempts to collect debts alleged to be due another by use of the mail and telephone and is a "debt collector" within the meaning of 15 U.S.C. § 1692(a)(6).

5. That Defendant Resurgent Capital Services, L.P., is a debt collector engaged in collecting debts and regularly attempts to collect debts alleged to be due another by use of the mail and telephone and is a "debt collector" within the meaning of 15 U.S.C. § 1692(a)(6).

6. That Defendant Oliver Wright & Associates is engaged in the business of collecting debts and regularly attempts to collect debts alleged to be due another by

use of the mail and telephone and is a "debt collector" within the meaning of 15 U.S.C. § 1692(a)(6).

7. Defendants are all entities or individuals who contributed to, or participated in, or authorized, and/or implemented the policies and procedures regarding the acts complained of or conspired with the other named Defendants to commit the acts complained of which caused injuries to the Plaintiff. Each Defendant acted as principal and agent of the other and combined and concurred with each other in committing the acts complained of herein.

8. At all times relevant hereto, Defendants were and are now the agent, servant, employee and representative of the other, and in doing the things herein alleged, were acting within the scope, purpose and authority of such agency, service, employment and/or other representative capacity with the permissions, knowledge, consent and ratification of the other Defendants.

## FACTUAL BACKGROUND

9. At all times relevant hereto, Defendants were attempting to collect an alleged defaulted Target credit account ending in 9539 by the Plaintiff for personal, family, or household purposes.

10. Defendants Unifin and Resurgent sent a series of letters to Plaintiff and her son Jason Pauly in an attempt to collect this alleged account.

3

11. Plaintiff previously properly disputed the alleged debt and requested validation from Defendant UNIFIN.

12. Both Plaintiff and her son Jason Pauly do not recognize this account but the collection efforts continued.

13. On or about July 12, 2020, Plaintiff filed a lawsuit against Defendants Unifin and Resurgent for violating the FDCPA and the NCPA in this Court at case No. 8:20-cv-277.

14. That lawsuit culminated in a settlement agreement between Plaintiff and Defendants UNIFIN and Resurgent. (Plaintiff will submit a copy of the settlement agreement under seal upon the entry of a protective order or other such order.)

15. On or about March 16, 2021, Plaintiff Kristy Pauly received a letter from Defendant Oliver Wright & Associates attempting to collect the same disputed Target account ending in 9539, which was the subject of the previous lawsuit and settlement agreement. Attached hereto as Exhibit "A" is a copy of said letter.

16. By assigning and transferring the account to Defendant Wright for collection, Defendants UNIFIN and Resurgent violated the FDCPA and NCPA and paragraph 3 of the settlement agreement, which also calls for the award of attorney fees for its breach or enforcement at paragraph 11.

17. Defendant Wright violated the FDCPA and NCPA by taking an action that cannot legally be taken by virtue of said settlement agreement in violation of 15 U.S.C. §1692e(5).

## **FAIR DEBT COLLECTION PRACTICES ACT**

COMES NOW the Plaintiff and for her Cause of Action against the Defendants, state and allege as follows:

18. That the Plaintiff is a natural person and "consumer" within the meaning of the Fair Debt Collection Practices Act, 15 U.S.C. §1692(a)(3).

19. Defendants are engaged in the business of collecting debts and regularly attempts to collect debts alleged to be due another by use of the mail and telephone and as such, are "debt collectors" within the meaning of 15 U.S.C. §1692(a)(6).

20. At all times relevant hereto, the Defendants were attempting to collect a Target National Bank account ending in 9539, alleged in default used for personal, family or household purposes against both Defendants individually. The assignment or transfer of the account which is the subject of this suit violates the FDCPA, the NCPA and the terms of the settlement agreement.

21. During the course of attempting to collect the alleged debt, Defendants:

a) Made false or misleading statements in connection with the attempted collection of said debt, in violation of 15 U.S.C. §1692e;

5

b) misrepresented the legal status of the alleged debt in violation of 15 U.S.C. §1692e(2)(a).

c) threatened to take actions and took actions that cannot be legally taken in violation of 15 U.S.C. §1692e(5).

22. As a direct and proximate result, Plaintiff suffered damages.

23. Ms. Pauly was confused by these material violations of the FDCPA and establish Plaintiff's standing to bring this case. *Tourgeman v. Collins Fin. Serves., Inc.*, 755 F.3d 1109 (9th Cir. 2014).

24. Defendants' actions created a sufficient risk of harm as contemplated by the FDCPA, and constitute a concrete injury in-fact as articulated in *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016).

WHEREFORE, Plaintiff prays for a judgment against Defendants for statutory damages, general damages, actual damages and statutory attorney fees and costs of this suit and for such other and further relief as the Court shall deem appropriate.

### CAUSE OF ACTION NO. 2
### NEBRASKA CONSUMER PROTECTION ACT

Plaintiff repeats and incorporates the foregoing allegations above as if fully set forth herein.

25. Defendants actions constitute violations of the Nebraska Consumer Protection Act, Neb. Rev. Stat. § 59-1609 *et seq*. and entitle Plaintiff to statutory and actual damages, injunctive relief, attorney's fees and costs.

26. Bringing this case is in the public interest to stop debt collectors from using deceptive means in attempting to collect debts, to decrease the risk and putting them in positions where they are unable to make informed decisions on how to respond to communications from debt collectors. See *Tourgeman,* 755 F.3d at 1121.

27. It is also in the public interest "by ensuring that consumers are fully and truthfully apprised of the facts and of their rights, the FDCPA enables them `to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process.'" *Clark v. Capital Credit & Collection Serv., Inc.,* 460 F.3d 1162, 1171 (9th Cir. 2006).

WHEREFORE, Plaintiff requests that a judgment be entered in her favor against Defendants as follows:

A. Awarding statutory damages pursuant to Neb. Rev. Stat. § 59-1609;
B. Awarding actual damages to the Plaintiffs;
C. Awarding costs and reasonable attorney fees pursuant to Neb. Rev. Stat. § 59-1609 *et seq*.; and
D. Enter such additional relief as the Court may find to be just and proper.

## **CAUSE OF ACTION NO. 3**
## **BREACH OF SETTLEMENT AGREEMENT AND**
## **FOR ENFORCEMENT THEREOF**
(As to Defendants UNIFIN and RESURGENT ONLY)

Plaintiff repeats and incorporates the foregoing allegations above as if fully set forth here.

28. The actions above violate paragraph 3 of the settlement between Plaintiff and Defendants UNIFIN and Resurgent.

29. Pursuant to said agreement, Plaintiff is entitled to recover damages and attorney's fees and costs and expenses of litigation for said breach.

30. Plaintiff requests the enforcement of said agreement.

WHEREFORE, Plaintiff requests that a judgment be entered in her favor against Defendants as follows:

E. Awarding Plaintiff her damages for breach of the agreement;
F. Awarding actual damages to the Plaintiff;
G. Awarding costs and reasonable attorney fees pursuant to the agreement; and
H. Injunctive relief to enforce said agreement.
I. Enter such additional relief as the Court may find to be just and proper.

Dated: April 18, 2021

    Kristy K. Pauly,
    Plaintiff,

  By: */s/ Pamela A. Car*
    Pamela A. Car, #18770
    William L. Reinbrecht, #20138
    Car & Reinbrecht, P.C., L.L.O.
    2120 South 72nd St., Suite 1125
    Omaha, NE 68124
    (402) 391-8484 Telephone
    (402) 391-1103 Facsimile
    E-mail: pacar@cox.net
    Attorneys for the Plaintiff

## JURY DEMAND

Plaintiffs demand a trial by jury as to all issues so triable in Omaha, Nebraska.

By: */s/Pamela A. Car*