IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KRISTY K. PAULY,<br><br>                    Plaintiff,<br><br>          vs.<br><br>UNIFIN, INC.; RESURGENT CAPITAL SERVICES, L.P.; and OLIVER WRIGHT & ASSOCIATES,<br><br>                    Defendants. | **8:21CV156**<br><br><br>**ORDER DISMISSING DEFENDANTS RESURGENT CAPITAL SERVICES, L.P., AND UNIFIN, INC., WITHOUT PREJUDICE** |

This case is before the Court on Plaintiff's Motion to Dismiss Defendants Resurgent Capital Services, L.P., and UNIFIN, Inc., Without Prejudice. Filing 52. Plaintiff states that, based on the representations of counsel for the Defendants and judicial economy, she is no longer pursuing this matter against Defendants Resurgent Capital Services, L.P., and UNIFIN, Inc. Filing 52 at 1. Plaintiff represents that she circulated proposed stipulations for dismissal, but counsel for Resurgent did not respond, and counsel for UNIFIN refused to sign a stipulation for dismissal either with or without prejudice. Filing 52 at 2. Plaintiff requests an order dismissing these defendants without prejudice pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. Filing 52 at 1.

Plaintiff states further that her "claims against OLIVER WRIGHT & ASSOCIATES remain and a judgment was previously entered against that defendant and claims against OLIVER WRIGHT & ASSOCIATES are not dismissed." Filing 52 at 1–2. Plaintiff is mistaken. The Clerk

1

of Court entered default against Oliver Wright & Associates pursuant to Rule 55(a) of the Federal

Rules of Civil Procedure on August 9, 2021, Filing 23, but no default judgment has been entered

against that Defendant pursuant to either Rule 55(b)(1) or (2).

> As the Eighth Circuit Court of Appeals has explained,
>
> When ruling on a Rule 41(a)(2) motion, district courts must consider "whether the party has presented a proper explanation for its desire to dismiss; whether a dismissal would result in a waste of judicial time and effort; and whether a dismissal will prejudice the defendants." *Donner v. Alcoa, Inc.*, 709 F.3d 694, 697 (8th Cir. 2013), quoting *Hamm v. Rhone-Poulenc Rorer Pharms., Inc.*, 187 F.3d 941, 950 (8th Cir. 1999), *cert. denied*, 528 U.S. 1117, 120 S.Ct. 937, 145 L.Ed.2d 815 (2000). We will refer to these as "the *Hamm* factors."

*Tillman v. BNSF Ry. Co*., 33 F.4th 1024, 1027 (8th Cir. 2022).[1] Plaintiff's representation that she

is seeking dismissal of Resurgent Capital Services and UNIFIN, Inc., "based on the representations

of counsel for the Defendants and judicial economy," Filing 52 at 1, satisfies the first *Hamm* factor.

*Tillman*, 33 F.4th at 1027. Because no dispositive motions or other contested matters are pending

and relatively little judicial time and effort has been invested in this case so far, dismissal will not

result in a waste of those resources, satisfying the second *Hamm* factor. *Id*. Notwithstanding

Defendants' refusal to stipulate to dismissal, it does not appear that Resurgent Capital Services or

UNIFIN, Inc., will be prejudiced by dismissal without prejudice, and Defendant Oliver Wright &

Associates has waived any defense by defaulting. Thus, the third *Hamm* factor is also satisfied. *Id*.

Under these circumstances, Plaintiff's Motion will be granted.

Upon the foregoing,

IT IS ORDERED that Plaintiff's Motion to Dismiss Defendants Resurgent Capital

Services, L.P., and UNIFIN, Inc., Without Prejudice is granted, and all claims against those

---

[1] Plaintiff inexplicably relies on federal district court cases from 2001 and 2003 from the Eastern District of Texas and the District of Connecticut for the standards for voluntary dismissal pursuant to Rule 41(a)(2). The Court will rely instead on controlling authority from the Eighth Circuit Court of Appeals.

Defendants are dismissed without prejudice. The case remains pending against defaulted defendant Oliver Wright & Associates and that Defendant shall appear in the caption of the case. Defendants Resurgent Capital Services, L.P., and UNIFIN, Inc., shall be removed from the caption of the case.

Dated this 21st day of June, 2022.

BY THE COURT:

Brian C. Buescher
United States District Judge