IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KRISTY K. PAULY, <br><br> Plaintiff, <br><br> vs. <br><br> RESURGENT CAPITAL SERVICES, L.P., <br><br> Defendants. | 8:21-CV-156 <br><br> **MEMORANDUM AND ORDER ON MOTION TO DISMISS** |

## I. INTRODUCTION

Kristy K. Pauly sued UNIFIN, Inc., Resurgent Capital Services, L.P. (Resurgent), and Oliver Wright & Associates (Oliver Wright) for alleged violations of the Fair Debt Collection Practices Act (FDCPA) and the Nebraska Consumer Protection Act (NCPA) and for breaching a settlement agreement. Filing 1 at 1–8. Before the Court is Pauly's Motion to Dismiss, which requests that the Court dismiss Resurgent without prejudice under Federal Rule of Civil Procedure 41(a)(2). Filing 52. Resurgent opposes the motion. Filing 64. For the reasons stated herein, the Court grants Pauly's Motion and dismisses her claims against Resurgent without prejudice.

## II. BACKGROUND

As the merits of Pauly's request to dismiss Resurgent without prejudice are separate from the merits of her claims, the Court will only briefly touch upon the background of Pauly's claims before proceeding to the relevant facts of the pending motion. The Court draws chiefly upon the allegations in Pauly's Complaint to outline the basis for her claims because neither party has filed evidence related to the claims with the Court.

Before initiating this suit, on July 12, 2020, Pauly filed a previous suit against UNIFIN and Resurgent for violating the FDCPA and the NCPA. Filing 1 at 4. According to Pauly, the previous

1

suit arose from collection efforts by UNIFIN and Resurgent to collect on a defaulted Target credit account. Filing 1 at 3. The suit eventually resulted in a settlement between all parties. Filing 1 at 3.

On March 16, 2021, presumably after the previous suit settled, Pauly received a letter from Oliver Wright seeking collection of the same debt. Filing 1 at 4; Filing 1-1 at 1. Pauly alleges that UNIFIN and Resurgent unlawfully assigned and transferred the debt to Oliver Wright. Filing 1 at 4. As a result, Pauly brought this current suit against Defendants on April 19, 2021, for violating the FDCPA, the NCPA, and for breaching a settlement agreement. Filing 1 at 5–8.

When Oliver Wright failed to plead or otherwise defend itself, Pauly successfully obtained an entry of default from the Clerk of the Court.[1] Filing 23. The parties exchanged early discovery—without any motions to compel being filed or discovery disputes being brought before the Magistrate Judge—and the Court entered a progression order setting deadlines. *See, e.g.*, Filing 28; Filing 35; Filing 48 (text order). Pauly and UNIFIN later filed a stipulated dismissal with the Court dismissing UNIFIN with prejudice. Filing 53.

In the background of this seemingly ordinary case, however, Resurgent's counsel was engaged in an ineffectual attempt to learn from Pauly's counsel what the basis of Pauly's claims were and convince Pauly's counsel that Resurgent had nothing to do with the letter sent by Oliver Wright. Beginning shortly after the filing of this suit, on May 14, 2021, Resurgent's counsel emailed Pauly's counsel and assured her that Resurgent had "no idea who this Oliver Wright entity is." Filing 65-1 at 5. Resurgent's counsel stated that he believed that the Oliver Wright entity was "not a legitimate organization" and that he wanted to provide Pauly with his client's perspective

---

[1] Pauly has not yet moved for default judgment, however.

2

before she spent resources going after an illegitimate entity. Filing 65-1 at 5. The record does not reveal Pauly's counsel's response, if any.

Resurgent's counsel continued sending several emails to Pauly's counsel, asking what her intentions were and reiterating that Resurgent had no connection with Oliver Wright or the letter Plaintiff received. Filing 65-1 at 1–2. Resurgent's counsel made similar comments during conferences with the Magistrate Judge. Filing 65-1 at 2. Again, the record does not reveal Pauly's counsel's response. After receiving Pauly's discovery requests—which consisted of 14 requests for admission, 14 interrogatories, and 11 requests for production of documents—Resurgent's counsel emailed Pauly's counsel protesting that the discovery requests were "multiplying these proceedings unnecessarily and wasting everyone's time and money." Filing 65-1 at 9. Pauly's counsel responded that Resurgent's counsel "must not have reviewed [her] very minimal discovery requests before complaining they are 'kitchen sink' requests.'" Filing 69-2 at 2.

On June 3, 2022, Pauly's counsel informed Resurgent's counsel that Pauly would be willing to dismiss Resurgent and UNIFIN and that she would circulate a stipulated dismissal in three days. Filing 65-1 at 3. Pauly's counsel circulated the stipulated dismissal on June 15, 2022; however, counsel for Resurgent did not review it until June 20, 2022, because he was on vacation. Filing 65-1 at 3. On June 20, 2022, Pauly filed the pending Motion to Dismiss, requesting dismissal of Resurgent without prejudice under Federal Rule of Civil Procedure 41(a)(2).[2] Filing 52. In her Motion, Pauly's counsel stated that she sent the stipulated dismissal to Resurgent's counsel twice but received no response. Filing 52 at 2.

On September 2, 2022, Resurgent filed a brief opposing Pauly's Motion to Dismiss Resurgent without prejudice. Filing 64. Instead, Resurgent argues, the Court should dismiss

---

[2] The Court initially granted the Motion, and later vacated its order at the request of Resurgent. Filing 61.

3

Resurgent with prejudice and either require Pauly to pay its attorney fees or respond to its discovery requests. Filing 64 at 2.

### III. ANALYSIS

Federal Rule of Civil Procedure 41 governs the issue presently before the Court. Under Rule 41, a plaintiff has three avenues by which to dismiss a lawsuit: (1) by filing a notice of dismissal prior to the opposing party serving an answer or summary judgment motion; (2) by filing a stipulated dismissal signed by all parties who have appeared; or (3) by requesting a court order to dismiss, which the court may grant "on terms that the court considers proper." *See* Fed. R. Civ. P. 41(a). In this case, because Resurgent has filed an answer to Pauly's Complaint and Pauly has not obtained a stipulated dismissal signed by Resurgent, Pauly proceeds under option (3) and asks the Court to dismiss its claims against Resurgent without prejudice pursuant to Rule 41(a)(2). Resurgent opposes such a dismissal and urges the Court to dismiss all claims against it with prejudice.

"Rule 41(a)(2) dismissals are contested dismissals that . . . require a district court's approval and a court order." *Adams v. USAA Cas. Ins. Co.*, 863 F.3d 1069, 1079 (8th Cir. 2017). The United States Court of Appeals for the Eighth Circuit has set forth factors for courts to consider before granting a Rule 41(a)(2) motion:

> [W]hether the party has presented a proper explanation for its desire to dismiss; whether a dismissal would result in a waste of judicial time and effort; and whether a dismissal will prejudice the defendants. Likewise, a party is not permitted to dismiss merely to escape an adverse decision nor to seek a more favorable forum.

*Id.* (quoting *Hamm v. Rhone-Poulenc Rorer Pharms., Inc.*, 187 F.3d 941, 950 (8th Cir. 1999)).

As to the first factor, a district court must address the plaintiff's purpose for dismissing a suit because, in evaluating the plaintiff's stated reason, the court may uncover that dismissal is for an improper purpose. *See id.* For example, it is improper for a plaintiff to seek dismissal to avoid

an adverse ruling and pursue a more favorable forum. *See Blaes v. Johnson & Johnson*, 858 F.3d 508, 514 (8th Cir. 2017). The Court is free to reject the plaintiff's proffered reason if it is not viable or suggests that the plaintiff's real reason is improper. *See Id.* (citing *Donner v. Alcoa, Inc.*, 709 F.3d 694, 697 (8th Cir. 2013)).

The second factor—consideration of the waste of judicial time and effort—requires evaluating whether much of the evidence garnered in the present case may be used in a subsequent action. *See id.* (citing *Kern v. TXO Prod. Corp.*, 738 F.2d 968, 971 (8th Cir. 1984)). Moreover, judicial time and effort are not wasted "if the dismissal allows for a prompt and more efficient trial." *Ackerman v. Iowa*, No. 4:18-CV-363-JAJ-CFB, 2019 WL 12294352, at *10 (S.D. Iowa Apr. 12, 2019) (citing *Blaes*, 858 F.3d at 513–14).

Finally, the third factor—prejudice to the opposing parties—is paramount, given that "Rule 41(a)(2)'s purpose 'is primarily to prevent voluntary dismissals which unfairly affect the other side.'" *Adam*, 863 F.3d at 1079 (quoting *Paulucci*, 826 F.2d at 782). The Eighth Circuit Court of Appeals has placed limitations on what type of prejudice is sufficient to deny a Rule 41(a)(2) motion, however. If the only prejudice is that the defendant will face a subsequent lawsuit, courts generally grant the dismissal. *Id.* at 1079. ("Legal prejudice is more than the fact that a defendant might have to defend another action."). Additionally, "the expense and effort of drafting and responding to discovery," as well as "the loss of a tactical advantage," do not constitute prejudice warranting a denial of a Rule 41(a)(2) motion. *Id.* (quoting *Mullen v. Heinkel Filtering Sys., Inc.*, 770 F.3d 724, 728 (8th Cir. 2014)).

With these considerations in mind, the Court addresses Pauly's Rule 41(a)(2) motion, beginning with Pauly's reason for dismissal. *See Adams*, 863 F.3d at 1079. When Pauly initially filed her Motion, she stated that her reasons for dismissal were the "representations of counsel for

the Defendants" and "judicial economy." Filing 52 at 1. After Resurgent challenged her dismissal without prejudice, Pauly further elaborated that she seeks dismissal because of the statutory cap on FDCPA damages, the increased expenses and attorney's fees should this case continue, and the fact that she is now "satisfied about the facts." Filing 68. She emphasizes, though, that dismissal should be without prejudice because she has faced collection attempts on the Target credit account more than once and Resurgent would be a necessary party to any future lawsuit "to determine the respective parties' rights in the event the alleged account surfaces with yet another collector." Filing 68 at 9.

The Court understands Pauly's reason for dismissal without prejudice to be that the present action against Resurgent is not worth the expense based on what she has learned during this case, but if the dispute over the Target credit account arises again Pauly would like to reassert this same claims. Such a reason is not akin to the improper purposes of forum shopping or avoiding an adverse ruling. It is far from inappropriate to dismiss a suit without prejudice with an eye toward future litigation if the same issue leading to the original suit reemerges. There is no incoming adverse ruling that Pauly is trying to avoid, nor any hint of forum shopping because Pauly's reassertion of an FDCPA claim would likely end up back in federal court. Therefore, the first factor, Pauly's stated purpose for dismissal, weighs strongly in favor of granting her motion.

Turning to the second factor—wasted judicial time and effort, *see Adams*, 863 F.3d at 1079—the Court notes that very few judicial resources have been expended in this case, especially regarding the claims against Resurgent. The Court has handled only one prior motion by Resurgent, which was made to reopen the case against it so it could request dismissal with prejudice, and the magistrate judge has held only a few status conferences with the parties. *See Mullen*, 770 F.3d at 728 (upholding a dismissal without prejudice when the magistrate judge had

held two discovery-dispute conferences and the case was still in the early stages of discovery). There is also no indication that any evidence Resurgent has gathered could not be used in a subsequent case. *See Blaes*, 858 F.3d at 514. Therefore, the second factor weighs in favor of granting Pauly's motion.

Resurgent focuses most of its efforts on the third factor: how granting the Motion would prejudice Resurgent. *Adams*, 863 F.3d at 1079. Resurgent advances two arguments in support: (1) Pauly has been dilatory in advancing her case and (2) Pauly's claims lack evidentiary support. Filing 64 at 8–11. Resurgent emphasizes that this case has been pending "for over a year" and asserts that Pauly's actions "amount to a persistent pattern of delay and needless litigation."[3] Filing 64 at 8. The Court finds Resurgent's concerns unpersuasive. First, the fact that a case has been pending "for over a year" does not automatically establish prejudice. There is often a distinction between a case's age and its maturity. Consider the present case: despite being over a year old, it is at an early stage procedurally. The parties have engaged in limited discovery and Resurgent has never filed a dispositive or discovery-related motion. Indeed, the Eighth Circuit Court of Appeals has upheld dismissal without prejudice in cases far more advanced than this one. *See Blaes*, 858 F.3d at 508 (upholding dismissal without prejudice in a case pending for two years where the parties had been preparing for trial and the court had already "overseen discovery and considered some pretrial motions").

Second, Resurgent's evidence-free assertion that Pauly lacks evidentiary support for her claims does not establish prejudice. Resurgent's principal issue stems from its belief that it should

---

[3] Resurgent's counsel also accuses Pauly's counsel of making a material misstatement to the Court (*i.e.,* that Pauly circulated the stipulated to Resurgent's counsel twice but received no response). It appears that Pauly's counsel did no such thing. Pauly's counsel sent an email with the stipulated dismissal once on June 7, 2022, and a follow-up email on June 15, 2022, because she was unsure if her June 7 email went through due to computer issues. Filing 59-1 at 3. After not receiving a response to either email, Pauly's counsel filed the present Motion. Thus, upon the Court's review, the statement appears truthful.

7

not have been sued in the first place. But if Pauly indeed lacks evidentiary support for her claims, Resurgent had tools available to it to dispose of Pauly's suit. Instead, Resurgent's counsel opted to send several emails to Pauly's counsel claiming that it had nothing to do with the letter sent by Oliver Wright and to chastise her for sending what appear to be routine discovery requests.[4] The Court understands that attorneys representing parties frequently engage in informal methods, such as email communications with opposing counsel, to resolve a suit. Nevertheless, it seems inconsistent to both argue that Pauly's claims are frivolous and yet never take any formal action against them in this suit. It is also unsurprising that Pauly would not take Resurgent's assurances that it had nothing to do with the letter she received at face value, especially having dealt with the same issue in a prior lawsuit. Thus, simply because Resurgent believes that Pauly's claims lack evidentiary support does not establish prejudice.

    Finally, Resurgent's complaint that Pauly has been dilatory in litigating her claims is incongruous with its criticism that Pauly served "needless" discovery requests. Resurgent cannot argue that Pauly has been dilatory and then complain that Pauly had the temerity to progress this case forward. Nor does Resurgent explain how Pauly not litigating more diligently prejudiced it. Furthermore, the Eighth Circuit Court of Appeals has expressly stated that "the expense and effort of drafting and responding to discovery" does not establish prejudice. *Mullen*, 770 F.3d at 728. Therefore, the third factor weighs strongly in favor of granting a dismissal without prejudice.

    In sum, none of the factors weigh against granting Pauly's Motion to Dismiss without prejudice. Thus, the Court must determine if it should place any conditions on Pauly's Motion to Dismiss without prejudice before granting it. *See Kern*, 738 F.2d at 972 (reversing a district court for refusing to impose conditions on a dismissal without prejudice). It is not uncommon for a

---

[4] Besides the number of requests made, which are not numerous, nothing in the record reveals their substance.

district court to impose conditions on voluntary dismissal, such as an award of attorney fees and costs. *See Reddy v. Rallapally*, 103 F. App'x 65, 65–66 (8th Cir. 2004) (remarking that conditions on voluntary dismissals are "not uncommon"). "However, the Eighth Circuit does not require a district court to award attorney fees, especially when a case has not progressed much beyond initial stages." *Ferrari v. Best Buy Co.*, No. CV 14-2956 (DWF/FLN), 2016 WL 5508818, at *4 (D. Minn. Sept. 28, 2016) (citing *Mullen*, 770 F.3d at 729). "[T]he omission of such a condition is not necessarily an arbitrary act." *Mullen*, 770 F.3d at 729 (quoting *Kern*, 738 F.2d at 972). "The time and effort invested by the parties, and the stage to which the case had progressed, are among the most important factors to be considered in deciding whether to allow a dismissal without prejudice, and, if so, on what conditions." *Kern*, 738 F.2d at 972.

This case is in its initial stages and, besides its efforts to convince the Court to deny Pauly's current Motion, the only action that Resurgent has taken in this case is to file its answer, serve discovery requests, answer Pauly's first discovery requests, and attend conferences with the Magistrate Judge. *See Mullen*, 770 F.3d at 729 (noting, while affirming an unconditional dismissal without prejudice, that the plaintiff had not served discovery; that while the defendant had responded to some interrogatories and produced 35,000 pages of documents it never objected; and that no depositions had been taken); *cf. Kern*, 738 F.2d at 972. If Pauly refiles her claims, Resurgent is welcome to move under Rule 41(d) for its fees and costs.

## IV.  CONCLUSION

The Court grants Pauly's Motion to Dismiss, and the dismissal will be without prejudice. Accordingly,

IT IS ORDERED:

1. Plaintiff's Motion to Dismiss, Filing 52, is granted;

2. Plaintiff's claims against Defendant Resurgent Capital Services, L.P., are dismissed without prejudice; and

3. Defendant Resurgent Capital Services, L.P., is terminated as a party to this case.

Dated this 7th day of October, 2022.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge

10